UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANELLA RENTAL SYSTEMS, INC., | Civil Action No. 16-783 (MAS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| IEW CONSTRUCTION GROUP, INC., | |
| Defendant. | |

**BONGIOVANNI, Magistrate Judge**

This matter has been opened to the Court upon Motion (Docket Entry No. 24) by Defendant IEW Construction, Inc. ("Defendant") seeking an Order compelling discovery from Plaintiff Danella Rental Systems ("Plaintiff"). Plaintiff opposes Defendant's motion (Docket Entry No. 25). The Court has fully reviewed the submissions in support of an in opposition to Defendant's motion and considers same without oral argument pursuant to Fed.R.Civ.P. 78. For the following reasons, Defendant's Motion to Compel is GRANTED, in part, and DENIED without PREJUDICE, in part.

I. BACKGROUND AND PROCEDURAL HISTORY

This matter arises out of a contract dispute in which Plaintiff alleges that Defendant wrongfully refused to indemnify Plaintiff for costs incurred in a personal injury action brought against Plaintiff by Defendant's employee Joaquim Resende in the Superior Court of New Jersey ("Resende Action"). (Pl.'s Compl, ¶ 9).

1

Defendant filed the instant motion on November 27, 2017 seeking the production of an unredacted copy of Plaintiff's claims file, including confidential communications regarding Plaintiff's evaluation and eventual voluntary settlement of the Resende Action. (Docket Entry No. 24).

Defendant argues that by bringing a claim of indemnity for reimbursement of the voluntary settlement of the Resende Action, Plaintiff has waived the attorney client privilege. (Def's Br. in Supp. of Mot. at 4). Defendant states that since this case is brought under the Court's diversity jurisdiction alleging breach of a contract that contains a Pennsylvania choice of law provision, the Court should apply Pennsylvania law regarding the attorney-client privilege. (Id. *citing Montgomery County v. Microvote Corp.*, 175 F.3d 296, 301 (3d Cir. 1999)). Defendant asserts that Plaintiff has the burden of proving the applicability of the attorney-client privilege and maintains that Plaintiff cannot establish that the privilege was waived by the client. (Id. at 6). However, Defendant argues that even if Plaintiff could establish that the attorney-client privilege applies, an exception exists due to Plaintiff's claim for indemnification. (Id.)

Defendant argues that the information it is seeking is relevant because the privileged communications contained in the redacted portions of the claims file are the very proofs needed to establish that the damages sought in this case are unreasonable and are the direct result of Plaintiff's ineffective defense in the Resende Action. (Id.). Defendant argues that Plaintiff intentionally did not implead Defendant in the Resende Action, deciding instead to settle the matter for an unreasonable amount and now seeks reimbursement from IEW for the full settlement. (Id.). Defendant argues that it has been prejudiced by its inability to participate in the defense of the Resende Action. (Id.). Defendant states that "[t]he very essence of Plaintiff's

claim for reimbursement of the settlement amount implicates that underlying settlement negotiations, particularly with respect to Plaintiff's position on the issue of seeking indemnification from Defendant. The evidence contained in those communications will establish that Plaintiff intentionally chose to not implead Defendant in the underlying action and instead brought a separate action for indemnification after the matter had been settled." (Id. at 7).

Defendant states that if the Court is not inclined to require Plaintiff to produce the unredacted claims file, the Court should require Plaintiff to provide summaries of the privileged information contained in the file. (Id. at 8).

Plaintiff argues that New Jersey law governs the attorney-client privilege analysis in this case. (Pl.'s Opp'n Br. at 4). Plaintiff states that in cases such as this one, where the district court is exercising diversity jurisdiction, the law of privilege which controls is that which would be applied by the courts of the state in which it sits. (Id. citing *Samuelson v. Susen*, 576 F.2d 546, 549 (3d Cir. 1978)). Plaintiff states that New Jersey courts utilize the governmental-interest test for choice of law questions in both contract and tort actions. (Id. citing *Veazey v. Doremus*, 103 N.J. 244, 247 (1986); *State Farm Mut. Auto Ins. Co. v. Estate of Simmons*, 84 N.J. 28, 417 A.2d 488 (1980)). Plaintiff notes that the first step in the governmental interest test is to determine whether a conflict exists between the laws of the interested states. (Id. citing *Haggerty v. Cedeno*, 279 N.J. Super 607, 611, 653 A.2d 1166, 1168 (Superior Ct. App. Div. 1995)). Plaintiff further notes that if no conflict exists, the law of the forum state applies. (Id. at 5 citing *Rowe v. Hoffman-LaRoche*, 189 N.J. 615, 621, 917 A.2d 767, 771 (2007)). Finally, Plaintiff notes that this Court has held that the attorney-client privilege laws of Pennsylvania and New Jersey "do not

3

differ in any material way." (Id. citing *In re Human Tissue Prods. Liab. Litig.*, 255 F.R.D. 151, 156 (D.N.J. 2008)).

Plaintiff argues that it did not waive the attorney-client privilege by filing the indemnification lawsuit. (Pl's Opp'n Br. at 6). Plaintiff states that the information that it seeks to protect are communications between Plaintiff, Plaintiff's insurers and Plaintiff's counsel in the course of the attorney-client relationship and defense of the Resende Action. (Id.). Plaintiff further states that these communications involve "reporting on case status, evaluating fact discovery and documentation in the Resende Action, discussing litigation strategy and evaluating expert discovery." (Id.). Plaintiff notes that although the majority of the redactions in its claim file were made pursuant to the work product doctrine, Defendant has not stated any objection to the redactions under the work product doctrine. (Id.). Plaintiff states that all of the redacted documents in the claim file for which the work product doctrine was invoked were prepared specifically for and as part of Plaintiff's defense of the Resende Action. (Id. at 9). Plaintiff argues that Defendant has not shown a substantial need for the documents and has not shown that it cannot obtain the substantial equivalent of the materials by other means without undue hardship. (Id.). Plaintiff further argues that Defendant has not explained why the information it seeks is relevant. (Id.) Plaintiff asserts that Defendant has not explained why it matters whether Plaintiff purposely or accidentally did not implead Defendant in the Resende Action. (Id.). Additionally, Plaintiff argues that Defendant can pursue its defense that the settlement was unreasonable using publicly available information and/or expert testimony. (Id.). Finally, Plaintiff argues that Defendant has not offered any precedent to suggest that an expert reviewing the reasonableness of

a settlement must be permitted to review the privileged communications between the indemnitee and its attorneys. (Id. at 16).

Plaintiff states that it is willing to produce summaries of the redacted portions of the claim file. (Id.). Plaintiff also asserts that an in camera review of the documents by the Court would address Defendant's concerns and preserve Plaintiff's privilege. (Id. at 15).

## II. ANALYSIS

The Court has broad discretion in deciding discovery issues such as that raised by the parties here. *See Gerald Chamles Corp. v. Oki Data Americas*, *Inc.*, Civ. No. 07-1947 (JEI), 2007 WL 4789040, at *1 (D.N.J. Dec. 11, 2007) (stating that it is "well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues[.]") Indeed, it is well settled that the appropriate scope of discovery and the management of requests for discovery are left to the sound discretion of the Court. *See Salamone v. Carter's Retail, Inc.*, Civil Action No. 09-5856 (GEB) 2011 WL 310701, *5 (D.N.J. Jan. 28, 2011); *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (finding that conduct of discovery is committed to sound discretion of Court).

Defendant's request for production of the unredacted claims file is DENIED without PREJUDICE. As noted herein, Defendant has requested, in the alternative, that the Plaintiff produce summaries of the privileged information contained in the file. The Plaintiff has agreed to do so. Defendant's motion for summaries of the redactions is therefore GRANTED. As such, the Court shall not address the issues regarding choice of law or waiver of the asserted privilege. Those issues are preserved and will be addressed in the event the concerns of the Defendant are not ameliorated by the production of the summaries.

The Plaintiff shall produce summaries of the redacted, privileged information contained in the claims file by **June 29, 2018.** The parties are to confer regarding the content of the summaries. **By July 12, 2018**, the parties are to advise this Court of any issues and, if none, a proposed revised schedule is to be submitted.

### III. CONCLUSION

For the reasons state above, Defendant's Motion to Compel is GRANTED, in part, and DENIED without PREJUDICE, in part.

An appropriate Order follows.

Dated: May 30, 2018

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**